[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15732
Non-Argument Calendar

_____

D. C. Docket No. 91-08080-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LEE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 19, 2005)

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Arthur Lee Williams appeals his sentence of 21 months

imprisonment imposed by the district court upon his second violation of supervised release from his original bank robbery conviction. First, Williams argues that because he was placed on supervised release for a Class C felony, the maximum sentence he could receive in the aggregate was two years under 18 U.S.C. § 3583(e)(3). Because he had already been sentenced to a year and a day in prison upon his first revocation of supervised release, Williams argues that the maximum sentence he could receive upon the "re-revocation" of his supervised release is 364 days, and the government concedes this point in its brief. Second, Williams argues that the district court erred when it imposed two years of supervised release to follow its sentence of a year and day for Williams's first revocation of supervised release. Third, Williams argues that he should receive credit for the 283 days from his arrest and detention on grand-theft-auto charges to the date of his revocation and sentencing. Fourth, Williams argues that the district court erred by failing to find by the preponderance of the evidence that Williams violated his supervised release by stealing his aunt's car, which would be a Grade B violation. At most, Williams asserts that he should have been sentenced to an 8 to 14 month term for a Grade C violation.

## I. Section 3583(e)(3)

We "review[] *de novo* the legality of a sentence, including a sentence

imposed pursuant to revocation of a term of supervised release." *United States v.*

*Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003). The 1991 version of § 3583(e)(3) that

was in effect at the time Williams committed the underlying offense[1] authorized a

district court to:

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony[.]

18 U.S.C. § 3583(e)(3) (1991). The issue of first impression presented in this case

is whether § 3583(e)(3)'s statutory caps apply to each revocation of supervised

release, or to the aggregate of the sentences imposed on multiple revocations of

supervised release. Under the rules of statutory construction, one applies the "plain

meaning" rule by first looking to actual language used in a statute to determine its

meaning. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1224 (11th Cir.

2001). Only when the statutory language is shown to be ambiguous may a court

look to legislative history. *Id.*

---

[1] Because Williams's bank robbery offense occurred in 1991, this Court examines the version of the statute that was in effect at that time. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

Examining the language of § 3583(e)(3), it does provide that the term of imprisonment is to be calculated "without credit for the time previously served on *postrelease* supervision." 18 U.S.C. § 3583(e)(3) (emphasis added). However, the statute is silent regarding whether the term is to be calculated with or without credit for time served in prison for previous violations of supervised release. *See id.* While the statute's language does not explicitly support Williams's aggregation argument, it does not foreclose it either. Furthermore, Congress did eventually amend § 3583(e)(3) so that the statutory caps now explicitly apply to each revocation of supervised release. 18 U.S.C. § 3583(e)(3) (2005). In 2003, Congress added the phrase "on any such revocation" so that it now reads "a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than . . . 2 years in prison if such offense is a Class C or D felony[.]" *Id.* The fact Congress needed to add such language indicates that prior to 2003 Congress either believed that the caps applied in the aggregate or that the statute was so ambiguous it needed clarification.

While the statutory language of the applicable version of § 3583(e)(3) is too inconclusive to provide definitive guidance, there is explicit legislative history that supports Williams's aggregation argument. The 1991 Senate Report makes clear that the statutory cap is to apply to the aggregate term of all imprisonments for

4

supervised release violations. 137 Cong. Rec. S7769-72 (daily ed. June 13, 1991). In addition to the 1991 Senate Report, Williams's aggregation argument is supported by the fact that the other six other circuit courts of appeals to have considered this issue have taken the position that the statutory caps apply in the aggregate, not to each revocation. *See United States v. Tapia-Escalear*, 356 F.3d 181, 187 (1st Cir. 2004) (citing decisions from the Second, Fifth, Seventh, Eighth, and Tenth Circuits) (persuasive authority).

We agree with the reasoning of our sister circuits and hold that § 3583(e)(3)'s statutory maximums apply in the aggregate for the following reasons: (1) the statute language does not forbid such an interpretation; (2) the explicit legislative history favors such a reading; (3) the government has conceded this issue in several cases, including this one; and (4) six other circuit courts of appeals have concluded that the caps apply in the aggregate. Accordingly, we must vacate Williams's sentence and remand this case for the court to resentence with the new sentence not to exceed 364 days.

## II. First Revocation of Supervised Release

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . (i) the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i). "The timely filing of a

notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001) (quotation omitted).

A review of the record demonstrates that Williams never filed a notice of appeal from the district court's amended judgment as to his first revocation of supervised release. Therefore, we do not have jurisdiction to consider whether the sentence imposed after Williams's first revocation of supervised release was in error. Accordingly, we must dismiss this part of the appeal for lack of jurisdiction.

### III. Credit for Time Served

The relevant statute regarding credit for time served is 18 U.S.C. § 3585(b), which states as follows:

> (b) Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. *United States v.*

6

*Wilson*, 503 U.S. 329, 333-35, 112 S. Ct. 1351, 1354-55, 117 L. Ed. 2d 593 (1992). As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "Exhaustion of administrative remedies is jurisdictional." *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.) (addressing denial of a § 2241 petition).

After reviewing the record, we conclude that Williams has failed to exhaust his administrative remedies. Until Williams exhausts his administrative remedies, this issue is not ripe for judicial review. Accordingly, we dismiss this issue.

### IV.  U.S.S.G. § 7B1.4(a)

The Sentencing Guidelines established a table setting forth a range of recommended sentences of imprisonment upon the revocation of supervised release.[2]  U.S.S.G. § 7B1.4(a).  The two variables that are factored into the table's

---

[2] These revocation guidelines are advisory and the court can use its discretion in sentencing as long as it does not exceed the statutory maximum or fall below the statutory minimum sentence.  *United States v. Hofierka*, 83 F.3d 357, 360 (11th Cir. 1996).

grid are the grade of the violation and the individual's criminal history category. *Id.* The table's range of imprisonment reflects the policy choice of recommending longer sentences for individuals who commit a higher grade violation, i.e., a Grade A violation as opposed to a Grade C violation, or who fall within a high criminal history category. *See id.*

Williams argues that the district court erred in sentencing him to 21 months imprisonment for a Grade B violation when at most he should have been sentenced to a range of 8 to 14 months for a Grade C violation. Because we are remanding under Issue 1 above for a sentence no greater than 364 days, Williams's sentence, by definition, will fall within the 8 to 14 month range or lower. Accordingly, we dismiss this issue because it is moot.

### V. Conclusion

After reviewing the statutory language, we conclude that the statutory caps of § 3583(e)(3) apply in the aggregate. Therefore, the maximum sentence that Williams can receive upon resentencing is 364 days. As a result, Williams's argument that he should have been sentenced on the basis of a Grade C violation instead of a Grade B violation becomes moot. As for Williams's other issues, we do not have jurisdiction to consider them because he did not file a timely notice of appeal from the district court's amended judgment upon his first revocation of

8

supervised release and he has failed to exhaust his administrative remedies before the Bureau of Prisons in his attempt to receive credit for time served.

**VACATED and REMANDED in part, DISMISSED in part.**