[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 17, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-11430
Non-Argument Calendar

_____

D. C. Docket No. 98-00083-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ALPHONSO FINNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 17, 2005)**

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Gregory Alphonso Finney appeals the sentence imposed

following the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(g). On appeal, Finney argues that 18 U.S.C. § 3583 requires that district courts consider the factors set forth in 18 U.S.C. § 3553 before imposing a sentence for a defendant's violation of his supervised release. While Finney acknowledges our holding in *United States v. Brown*, 224 F.3d 1237 (11th Cir. 2000), that mandatory revocation of supervised release, under 18 U.S.C. § 3583(g), does not require a district court to consider the § 3553 factors, Finney contends that general principles of statutory construction suggest that § 3553 should generally apply to all revocations of supervised release. Finney further argues that the § 3553 factors are generally applicable to federal sentencings under *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Finney also maintains that the district court did not consider or refer to any of the § 3553 factors during the sentencing hearing or in the court's written order.

In instances where the district court imposes a sentence beyond the chapter seven guideline range, we review for an abuse of discretion. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). Finney did not raise his arguments regarding the application of the § 3553 factors, pursuant to principles of statutory construction or *Booker*, in the district court, and, thus, he raises those arguments for the first time in his appellate brief. We review sentencing arguments

2

that are raised for the first time on appeal for plain error. *Aguillard*, 217 F.3d at 1320.  Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. *Id.*  When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Section 7B1.4 of the chapter seven policy statements of the Guidelines, provides the range of imprisonment applicable upon revocation of probation or supervised release.  U.S.S.G. § 7B1.4(a).  The applicable range in Finney's case, where he committed a grade C violation of his supervised release and had an original criminal history category of IV, was 6 to 12 months' imprisonment. U.S.S.G. §§ 7B1.1(a)(3)(B), 7B1.4(a).  The chapter seven guidelines are merely advisory and it is sufficient that there be "some indication that the district court was aware of and considered them." *Aguillard*, 217 F.3d at 1320.

Where, as here, a defendant refuses to comply with drug screening that is imposed as a condition of supervised release, the defendant is subject to mandatory revocation of his supervised release and imposition of a term of imprisonment not to exceed a specific maximum.  18 U.S.C. § 3583(g).  Pursuant to 18 U.S.C. § 3583(e)(3), "the court may, after considering the factors set forth in" § 3553(a),

3

revoke a term of supervised release and, where the offense that resulted in the supervised release is a class C felony[1], impose a term of imprisonment not to exceed two years.[2] However, we have previously determined that, "when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *Brown*, 224 F.3d at 1241 (quotation omitted) (emphasis in original).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

Finney is unable to show that the district court committed plain error in sentencing him beyond the chapter seven guideline range without considering the § 3553(a) factors. First, the Guidelines ranges provided in U.S.S.G. § 7B1.4(a) are advisory, and, as such, the district court is not required to impose a sentence within

---

[1]Under 18 U.S.C. § 2113(a), the maximum term of imprisonment for bank robbery, the offense for which Finney was originally convicted, is 20 years. This maximum term results in bank robbery earning the class C felony classification, pursuant to 18 U.S.C. § 3559(a)(3).

[2]Under U.S.S.G. § 7B1.1(a)(3)(B), Finney's supervised release violation constituted a Grade C violation. As such, 18 U.S.C. § 3583(e)(3) provided for a maximum term of imprisonment of 2 years upon revocation of supervised release. The 2-year statutory maximum was reduced by 6 months in Finney's case because he had previously served 6 months' imprisonment for his first revocation of supervised release. Thus, the statutory maximum term of imprisonment that Finney could serve for his second supervised release violation is 18 months. *See United States v. Williams*, No. 04-15732, ___ F.3d ___ (11th Cir. Sept. 19, 2005) (holding that § 3583(e)(3)'s statutory maximums apply in the aggregate, and that, where a defendant had previously been sentenced to one-year and one day imprisonment upon revocation of his supervised release and § 3583(e)(3)'s statutory maximum was two years' imprisonment, the district court could only sentence the defendant to 364 days' imprisonment upon "re-revocation" of his supervised release).

4

the recommended range. *See Aguillard*, 217 F.3d at 1320. Here, the court's statement that it found that "the guideline range of six to twelve months is not adequate under the facts of Mr. Finney's case," was sufficient to demonstrate that the court considered the Guidelines range. *See id.* (holding that "it is enough that there is some indication that the court was aware of and considered" the Guidelines range). Additionally, despite Finney's argument to the contrary, our precedent clearly establishes that, where a defendant is subject to mandatory revocation of supervised release, pursuant to 18 U.S.C. § 3583(g), the court is not required to consider the § 3553(a) factors. Finney was subject to mandatory revocation because he refused to comply with drug screening. *See* 18 U.S.C. § 3583(g). Therefore, even if the district court did not consider the § 3553(a) factors in sentencing Finney, it did not commit an error.

Moreover, Finney's argument that *Booker* made the § 3553(a) factors generally applicable to federal sentencings is similarly without merit. We have recently held that neither we nor the Supreme Court has determined whether *Booker* applies to sentences imposed following a revocation of supervised release. *United States v. White*, 416 F.3d 1313, 1318 (11th Cir. 2005). Therefore, even assuming the court committed a *Booker* error, that error cannot be "plain" because it is not clearly established that *Booker* applies to sentences imposed after the

5

revocation of supervised release. *See id.* at 1319 (holding that there can be no plain error with regard to an issue that neither the Supreme Court nor this Court has ever resolved).

Lastly, we have determined that *Booker* did not alter our standards for reviewing the application of the Guidelines that were used pre-*Booker*. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Once the court has calculated the Guidelines range in the same manner as it did pre-*Booker*, the court may then "impose a more severe or more lenient sentence as long as the sentence is reasonable." *Id.* at 1178-79. As determined above, the district court, pre-*Booker* and in the instant case, considered the chapter seven guideline ranges as advisory and was not required to consider the § 3553(a) factors in imposing a mandatory revocation of supervised release and term of imprisonment under 18 U.S.C. § 3583(g). *See Aguillard*, 217 F.3d at 1320; *Brown*, 224 F.3d at 1241. Considering Finney's failure to seek adequate treatment for his drug problem and his repeated supervised release violations, the court did not err in imposing a more severe sentence than that which the Guidelines recommended. Accordingly, Finney cannot demonstrate that the court plainly erred in imposing his sentence, and, thus, we affirm.

**AFFIRMED.**