[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15564
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80204-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL DONALDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Jay Donaldson, a federal prisoner proceeding pro se, appeals the

district court's denial of his motions for misclassification of offenses and for a more definite statement. For the reasons that follow, we affirm the district court's denial of his motions.

## I. Background

In 2002, Donaldson was indicted for drug offenses under 21 U.S.C. §§ 841 and 846. The government notified Donaldson that he faced enhanced penalties under § 841 based on a 1997 felony drug conviction. Donaldson had also been convicted in 1997 for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), but this offense did not form the basis for the § 841 enhancement. Donaldson pleaded guilty to two counts and received the § 841 enhancement. The plea agreement contained a waiver of appeal provision that prohibited Donaldson from appealing the manner in which his sentence was imposed even if it resulted from an incorrect application of the guidelines, unless the sentence exceeded the statutory maximum. In 2003, Donaldson was sentenced to 175 months' imprisonment. He did not file a direct appeal.

In 2005, Donaldson filed a pro se "motion pursuant to Fed. R. Cr. P. §§ 32(b)(4)(B) and (d)(1) for misclassification of offenses."[1] Donaldson claimed that

---

[1] Federal Rule of Criminal of Procedure 32(b)(4)(B) does not exist. Subsection (d)(1) addresses the application of the sentencing guidelines and the PSI report. Fed. R. Crim. P. 32(d)(1) (2005).

the court improperly enhanced his sentence because: (1) the judgment and commitment order from the 1997 case charged him with a violation of 21 U.S.C. § 842(a)(1), which cannot form the basis for an enhancement under § 841; and (2) the § 922(g) conviction from 1997 could not form the basis for an enhancement as he did not receive a sentence in excess of one year.  According to Donaldson, if the district court had not improperly applied the enhancements, he would have faced 97-121 months' imprisonment, which would have been reduced to 60-70 months' imprisonment based on his acceptance of responsibility.

On August 12, 2005, the district court summarily denied Donaldson's motion.  On August 19, 2005, Donaldson filed a motion for a more definite statement under Federal Rule of Civil Procedure 7, which the district court summarily denied on September 22, 2005.[2]  Donaldson filed a notice of appeal, stamped by the district court on October 3, 2005, but dated by Donaldson on September 29, 2005.

## II.  Discussion

As an initial matter, the government contends that we lack jurisdiction because Donaldson's notice of appeal was untimely.  Further, the government

---

[2] Federal Rule of Civil Procedure 12(e), not Rule 7, addresses motions for a more definite statement.  Notably, the Federal Rule of Civil Procedure are inapplicable in criminal proceedings.  Fed. R. Civ. P. 1.

asserts that the motion for a more definite statement did not toll the time in which to file a notice of appeal.

We have an obligation to review sua sponte whether we have jurisdiction. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005). "The timely filing of a notice of appeal is a mandatory prerequisite to exercise of appellate jurisdiction." United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . (i) the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i).

Donaldson filed his notice of appeal on September 29 or October 3, both of which are considerably more than ten days after the district court's denial of his initial motion on August 12. Yet, construing liberally Donaldson's motion for a more definite statement, we construe the motion as a motion for reconsideration.[3] "Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal . . . ." United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8-9

_____

[3] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se petitioner's petition should be read liberally).

4

(1976)).  Therefore, because both September 29 and October 3 are within ten days of the district court's September 22 denial of Donaldson's motion for more definite statement, we have jurisdiction over this appeal.

Nevertheless, on the merits, we conclude that Donaldson's motion for misclassification must fail.[4]  Although, Donaldson challenges his sentence because the district court improperly used his prior § 922(g) conviction to enhance his sentence, the record shows that the § 922(g) conviction did not form the basis of the enhancement.  Furthermore, Donaldson's claim that the 1997 drug conviction could not be used to enhance his sentence because the 1997 court mistakenly listed the conviction as under § 842 rather than as under § 841 also fails as Donaldson concedes that he pleaded guilty to the § 841 offense.  A mere scrivener's error listing the 1997 conviction as under § 842 does not negate the use of the enhancement.

Finally, because the district court properly denied the motion for misclassification, the district court properly denied the motion for a more definite statement.  Accordingly, we **AFFIRM.**

---

[4] We proceed to the merits even though Donaldson's initial motion for reclassification is likely untimely under Federal Rule of Criminal Procedure 35, which allows a district court to correct a sentence if the motion is brought within seven days from entry of the judgment, and likely was prohibited by the appeal waiver in Donaldson's plea agreement.