[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2007
THOMAS K. KAHN
CLERK

No. 06-15602
Non-Argument Calendar

_____

D. C. Docket No. 97-00332-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 7, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Anotnio Cruz appeals his sentence of 6 months' imprisonment and 35

months of supervised release imposed by the district court following his third revocation of supervised release, pursuant to 18 U.S.C. § 3583 (1997). Cruz asserts the district court erred by sentencing him to additional imprisonment and supervised release because he already had served the three-year statutory maximum term of imprisonment under § 3583(e)(3).

We review *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release. *United States v. Mitsven*, 452 F.3d 1264, 1265-66 (11th Cir.), *cert. denied*, 127 S. Ct. 663 (2006). Because Cruz committed the underlying offense of conviction (a Class B felony) in 1997, the 1997 version of 18 U.S.C. § 3583 applies. *United States v. Williams*, 425 F.3d 987, 988 n.1 (11th Cir. 2005).

Section 3583 empowers a sentencing court to include a term of supervised release as part of a sentence. 18 U.S.C. § 3583(a) (1997). If a defendant violates the conditions of his supervised release, § 3583(e)(3) permits a district court to:

> revoke [the] term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 3 years in prison if such offense is a Class B felony . . . .

2

18 U.S.C. § 3583(e)(3) (1997). The three-year statutory maximum in this section applies to the aggregate of all prison sentences imposed on multiple revocations of supervised release. *Williams*, 425 F.3d at 989 (construing the same version of § 3583(e)(3)). Thus, although the district court can revoke supervised release any number of times, it may not impose a sentence of imprisonment following any revocation that, when added with all previous sentences of imprisonment following revocation, would exceed the maximum provided under § 3583(e)(3). *See id.*

Additionally, when the district court revokes a term of supervised release, and imposes a term of imprisonment that is less than the maximum permitted under § 3583(e), the district court may:

> include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1997). For a Class B felony, the statutory maximum term of supervised release is "not more than five years," unless otherwise provided. 18 U.S.C. § 3583(b)(1) (1997).

The district court did not err in imposing a term of 6 months' imprisonment and 35 months of supervised release following Cruz's third revocation of supervised release. The 6-month imprisonment term, when added to Cruz's

3

previous sentences of imprisonment following revocation, does not exceed the 3-year maximum provided under § 3583(e)(3) for a Class B felony. Additionally, the 35-month supervised release term does not exceed the 5-year maximum provided under § 3583(b)(1), less "any term of imprisonment . . . imposed [on Cruz] upon revocation of supervised release."  18 U.S.C. § 3583(h) (1997).  We therefore affirm the district court's sentence.

**AFFIRMED.**