[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16396
Non-Argument Calendar
_____

D. C. Docket No. 06-00616-CV-ORL-22-KRS

EDWARD J. VALE,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE,
MARK EVERSON, Commissioner,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2008)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Edward J. Vale, proceeding pro se, appeals the district court's denial of his motion for leave to proceed in forma pauperis ("IFP") and dismissal of his civil action under 26 U.S.C. § 7422(a) for failure to comply with a court order.[1] Because Vale did not file an amended notice of appeal after the district court denied his Federal Rule of Civil Procedure 60(b) motion for post-judgment relief, we lack jurisdiction to review that matter. Since Vale complied with the magistrate judge's order requiring an accounting statement pursuant to 28 U.S.C. § 1915(a)(2), the district court abused its discretion in denying his motion for leave to proceed in forma pauperis (IFP) and in sua sponte dismissing the complaint. Accordingly, we REVERSE and REMAND.

## I. BACKGROUND

On 4 May 2006, Vale, a Florida prisoner, filed a pro se complaint against the Internal Revenue Service and its Commissioner (collectively "IRS") seeking a refund of $744 in overpaid taxes under § 7422(a). R1-1 at 1-2. Vale filed an affidavit of indigency, which the district court construed as a motion for leave to

---

[1] In connection with his appeal, Vale has filed three motions in our court: (1) to vacate or reconsider our order granting appellees' motion for an extension of time to file their brief; (2) to strike appellees' brief as untimely, insufficient, and irrelevant; (3) to stay decision pending state court grievance proceedings. Finding those motions to be without merit they are DENIED. Also, the appellees argue that we should affirm the judgment because the district court lacked jurisdiction over Vale's complaint. However, this jurisdictional issue was not addressed in the district court and is not before us on appeal. Therefore, this issue is left for the district court to address in the first instance on remand. See Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1342 n.6 (11th Cir. 2004).

proceed IFP. R1-3. He attached an inmate account statement from the Florida Department of Corrections ("FDOC") for the period between 30 September 2005 and 30 March 2006. Id., exh. 2. On 26 June 2006, a magistrate judge issued an order requiring Vale to submit an accounting of the entire six-month period preceding the filing of his complaint, specifically from 8 November 2005 to 8 May 2006. R1-4 at 2. It warned that the failure to do so within 20 days would result in the dismissal of the action. Id.

Vale filed a motion for an extension of time to file the account statement, which the magistrate judge granted until 29 September 2006. R1-5, 6. On 29 August 2006, Vale filed an account statement for the period between 4 February 2006 and 4 August 2006. R1-7, exh. 2. On 8 September 2006, the magistrate judge issued an order noting that Vale had not supplied a complete accounting of the six-month period preceding the filing of his complaint and ordered Vale to pay the full filing fee or file the account statement within 20 days. R1-8. On 13 September 2006, the magistrate judge issued another order noting that Vale had made a partial payment of $50 towards the filing fee and ordered Vale to pay the remainder of the filing fee or file the account statement as required by the previous orders within 20 days. R1-9.

On 15 September 2006, the IRS filed a motion to dismiss for improper service and lack of subject matter jurisdiction. R1-10. On 26 September 2006, Vale filed a motion for a 30-day extension of time to file the account statement, which the magistrate judge denied. R1-12, 13. On 4 October 2006, the magistrate judge issued a report recommending the denial of Vale's motion to proceed IFP and the dismissal of the case without prejudice because Vale failed to comply with its previous orders. R1-14 at 2-3.

Thereafter, Vale responded to the IRS's motion to dismiss and filed a motion for rehearing, arguing that his failure to file the proper account statement was the result of circumstances beyond his control and resubmitted a motion for a time extension. R1-16, 17 at 1-2. The magistrate judge construed his motion for rehearing as a motion for reconsideration, which it denied. R1-18. The district court issued an order adopting the magistrate judge's report, denied Vale's motion to proceed IFP, and dismissed the complaint without prejudice. R1-19.

On 4 December 2006, Vale filed a notice of appeal. R1-20. He later filed a motion to reopen the case and motion for relief from judgment under Rule 60(b), arguing that his failure to file a complete accounting of the six months preceding the complaint was a result of excusable neglect. R1-22, 23. IRS responded to Vale's motions to reopen and for relief from judgment, arguing that the district

4

court lacked jurisdiction to consider his complaint. R2-30. Vale filed a motion to strike the defendants's response as untimely, which the defendants argued was meritless. R2-34, 36. On 4 April 2007, the district court denied Vale's motions to reopen and for relief from judgment because Vale failed to show good cause. R2-37.

On 23 January 2008, the IRS filed a motion for an extension of time to file an appellate brief, which we granted. Vale filed a response to the motion, which we returned as moot in light of our then recent order. Attached to his reply brief, Vale included a motion to vacate or reconsider our order granting the extension of time, arguing that the Federal Rules of Appellate Procedure did not provide a procedure to move for an extension of time and that we should have considered his response to the motion. It also contained a motion to strike the IRS's brief as untimely, insufficient, and irrelevant. Its appendix contained a motion to stay the appeal pending the decision of state court grievance proceedings. Vale argued that moving for a stay in the district court was impracticable. He asserted that the proceedings may establish the FDOC's administrative failure regarding his motion to proceed IFP.

## II. DISCUSSION

**A.    Whether we have jurisdiction to review the district court's order denying Vale's post-judgment motion under Federal Rule of Civil Procedure 60(b)**

The IRS argues that the district court's order denying Vale's motion for relief under Rule 60(b) was a final appealable order, requiring the filing of a separate notice of appeal.  It asserts that Vale failed to amend his notice of appeal to include the district court's order denying his Rule 60(b) motion or file a separate notice of appeal.  Thus, it concludes that we lack jurisdiction to review the district court's denial of his motion for relief.

We review jurisdictional issues de novo.  United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005) (per curiam).  "The timely filing of a notice of appeal is a mandatory prerequisite to exercise of appellate jurisdiction."  United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005) (per curiam) (citation omitted).  Generally, when a post-judgment motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required to preserve appellate review.  Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002).  Nevertheless, a pro se appellant's brief may substitute as adequate notice in such a case if it is filed within the appropriate time period

prescribed by Federal Rule of Appellate Procedure 4(a). <u>Finch v. City of Vernon</u>, 845 F.2d 256, 259-60 (11th Cir. 1998) (per curiam).

Vale concedes that he did not file a separate or amended notice of appeal of the district court's denial of his post-judgment motions to reopen and for relief under Rule 60(b). Moreover, he did not submit his appellate brief until 1 October 2007, almost six months after the district court's 4 April 2007 order and well after the 60-day period prescribed by Appellate Rule 4(a)(1)(B). Vale did not properly perfect an appeal from that order, thus we will not consider the district court's ruling regarding Vale's post-judgment motions on appeal.

**B.     Whether the district court abused its discretion in denying Vale's motion for leave to proceed IFP for failure to file an accounting statement and in sua sponte dismissing the complaint**

Vale argues that the district court abused its discretion in dismissing his complaint for failure to comply with a court order because he did not willfully disobey the requirements of 28 U.S.C. § 1915(a) and paid a partial filing fee of $50 in good faith.[2] He maintains that he should not be held responsible for the administrative errors of the FDOC, relying on <u>Kilgo v. Ricks</u>, 983 F.2d 189 (11th Cir. 1993). Vale contends that he filed a grievance with the FDOC and diligently

---

[2] Vale's brief also contains arguments regarding the district court's initial denial of his motion for leave to appeal IFP. That issue is now moot as the district court subsequently granted the motion, which we recognized in our order of 4 December 2007.

and reasonably attempted to resolve the administrative problem. He asserts that the public interest in expeditious resolution and favoring the disposition of cases on the merits outweighs the district court's need to manage its docket and that the district court had a less dramatic alternative than dismissal, including sanctions. He posits that the district court abused its discretion in dismissing the action before his administrative grievance was resolved.

We review the district court's denial of a motion for leave to proceed IFP for abuse of discretion. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam). Although the district court "has wide discretion in denying an application to proceed IFP . . . in civil cases for damages . . . the courts should grant the privilege sparingly" and " must not act arbitrarily [or] deny the application on erroneous grounds." Id. at 1306-07.

Congress passed the Prisoner Litigation Reform Act of 1995 ("PLRA") "in an effort to stem the flood of prisoner lawsuits in federal court." Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir. 2002) (per curiam) (quotation omitted). "[T]he PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding [IFP] in the district court." Id. In addition to an affidavit of indigency, prisoners seeking to bring a civil action without prepayment of fees must "submit a certified copy of the trust fund account

8

statement (or institutional equivalent) for the prisoner for the [six]-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Vale's initial account statement covered from 30 September 2005 to 30 March 2006, and thus the magistrate judge properly ordered Vale to file a complete accounting for the six-months preceding the filing of his complaint, specifically from 8 November 2005 to 8 May 2006. See R1-3, exh. 2; R1-4 at 1-2. Vale's second submission, filed on 31 August 2006, covered from 4 February 2006 to 4 August 2006. See R1-7, exh. 2. Thus, his submissions, in aggregate, covered from 30 September 2005 to 4 August 2006, including the entire six-months preceding the filing of the complaint. See § 1915(a)(2). The district court denied Vale's application on erroneous grounds because Vale complied with the magistrate judge's orders on 31 August 2006, well before the 28 September 2006 extended deadline. Therefore, the district court abused its discretion in denying Vale's motion for leave to proceed IFP. See Martinez, 364 F.3d at 1307. Additionally, the district court dismissed Vale's complaint sua sponte for failure to comply with the magistrate judge's numerous orders. R1-19. Since Vale actually complied with the magistrate judge's request, the district court also abused its discretion in this regard. See Wilson, 313 F.3d at 1318, 1320-22 (reviewing district court's sua

9

sponte dismissal of prisoner's complaint for failure to comply with its IFP order for abuse of discretion).

### III. CONCLUSION

While Vale did not submit a complete account statement for the six-month period preceding the filing of his complaint, his submissions in aggregate covered the entire six-month period from 8 November 2005 to 8 May 2006. Thus, the district court abused its discretion in denying his motion for leave to proceed IFP and sua sponte dismissing the complaint because Vale complied with the requirements of 28 U.S.C. § 1915(a)(2). Accordingly, we

**REVERSE and REMAND.**