[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15817
Non-Argument Calendar
_____

D. C. Docket No. 04-00306-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROOSEVELT TOBIAS BAILEY, JR.,
d.b.a. The Atlanta Group,
d.b.a. Atlanta Micro System, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 18, 2008**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Roosevelt Tobias Bailey, Jr. appeals his fifteen-month imprisonment sentence imposed following revocation of his supervised release for the third time, pursuant to 18 U.S.C. § 3583(e)(3). We affirm.

## I. BACKGROUND

Bailey pled guilty to two counts of tax evasion, in violation of 26 U.S.C. § 7201, and one count of copyright infringement, in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1), in the United States District Court for the Southern District of Indiana. R1-1 at 2. The judgment shows that Bailey had a criminal history category of II. Id. at 6. The district judge sentenced Bailey to eighteen months of imprisonment to be followed by a three-year term of supervised release with conditions. Id. at 2, 3. The judge also ordered restitution in the amount of $25,053. Id. at 4. In May 2004, Bailey's supervision was transferred to the Northern District of Georgia. Id. (transfer of jurisdiction).

In March 2005, the district judge to whom Bailey's case was transferred in the Northern District of Georgia revoked Bailey's term of supervised release for his failure to abide by his imposed release conditions and sentenced him to imprisonment for eight months to be followed by sixteen months of supervised release. R1-7, 8. The judge imposed all of the original conditions of supervised release as well as additional special conditions. R8 at 2-3.

2

In February 2007, the district judge found that Bailey had violated the conditions of his supervised release by failing to report to his probation officer, failing to pay restitution as directed, and failing to adhere to computer restrictions. R1-14, 15. The judge again revoked Bailey's term of supervised release for failure to adhere to the conditions of his supervised release and imposed a term of imprisonment of one day to be followed by a term of supervised release of twenty-seven months and twenty-nine days. R1-15. The district judge reinstated all of the original conditions of supervised release and imposed additional special conditions. Id. at 2-3.

In November 2007, Bailey's probation officer filed a petition for action on supervised release on the grounds that Bailey had violated the conditions of his release by traveling outside of the district without permission, failing to declare monthly income, and failing to adhere to computer restrictions. R1-16 at 2. The district judge held a revocation hearing at which Bailey's counsel admitted the allegations in the petition. R2 at 3. The judge found that Bailey had committed a Grade C violation. Id. at 3-4. Bailey's counsel requested a Sentencing Guidelines sentence of four to ten months of imprisonment with no supervised release. Id. at 4.

Bailey's counsel requested that he be allowed to self-surrender after

Christmas because he had always appeared when he was summoned. Id. at 5. The prosecutor argued that the judge had been very lenient in imposing the one-day prison sentence on the second revocation and that Bailey was "not a good candidate for supervision." Id. at 6. The prosecutor recognized that Bailey had "largely paid his restitution amount," but, in view of the "significant problems" that he had caused the probation officer, the prosecutor recommended a prison term of fifteen months and twenty-nine days with no supervised release, based on Bailey's recidivism. Id. at 4, 6.

The district judge informed Bailey: "You hold the record, Mr. Bailey, for coming back three times. I've never had somebody come back three times on a revocation." Id. at 6. Because Bailey had violated the terms of his supervised release, which was a Grade C violation, the judge revoked his supervised release. The district judge imposed a fifteen-month imprisonment term with no supervised release and allowed Bailey to self-surrender on December 27, 2007. Id. at 6-7, R1-19. Bailey's counsel objected to the above-Guidelines sentence and pursues this issue on appeal.

## II. DISCUSSION

Bailey's counsel argues that his sentence was substantively unreasonable because it was above his Sentencing Guidelines range and equaled the low-end

recommendation for Grade A violent felonies, although his violations were non-violent. The Supreme Court has held that the Sentencing Guidelines are advisory rather than mandatory. United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 757 (2005). After Booker, we review sentences imposed upon revocation of supervised release for "unreasonableness." United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (per curiam). The Court has clarified that, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. __, __ 128 S.Ct. 586, 597 (2007). Sentences outside the Guidelines range are not presumed unreasonable. Rita v. United States, 551 U.S. __, __, 127 S.Ct. 2456, 2467 (2007).

After considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), a district judge may revoke a term of supervised release and impose a sentence of imprisonment for the violation of the conditions of supervised release. 18 U.S.C. § 3583(e). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need to deter criminal conduct, protect the public, and provide the defendant training or correctional treatment; (3) the Sentencing Guidelines range; (4) the pertinent Sentencing Commission policy statements; (5) "the need to

5

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D) & (a)(4)-(7). We have held that a district judge is not required to state that he or she has explicitly considered each of the § 3553(a) factors or to discuss them specifically. United States v. Dorman, 488 F.3d 936, 944 (11th Cir.), cert. denied, __ U.S. __, 128 S.Ct. 427 (2007). It is sufficient to satisfy the § 3553(a) factors if the record shows that the district judge considered the objections and arguments of the parties and stated reasons for the sentence imposed. Id.

"A nonbinding appellate presumption that a Guidelines sentence is reasonable does not *require* the sentencing judge to impose that sentence." Rita, 551 U.S. at __, 127 S.Ct. at 2466. While we do not apply a presumption of reasonableness, we have recognized that a sentence within the Guidelines range is likely a reasonable one. United States v. Campbell, 491 F.3d 1306, 1313-14 (11th Cir. 2007). Furthermore, the Supreme Court has determined that appellate courts may not adopt a presumption of unreasonableness to sentences outside the Guidelines range. Rita, 551 U.S. at __, 127 S.Ct. at 2467.

Chapter 7 of the Sentencing Guidelines pertains to violations of supervised release and contains a table of recommended imprisonment ranges for violations of

6

certain grades at specific criminal history categories. U.S.S.G. § 7B1; § 7B1.4(a). The recommended sentencing range is based on the conduct that resulted in the revocation and the criminal history category applicable at the time that the defendant originally was sentenced to supervised release. Id. §§ 7B1.1, 7B1.4. The most serious crimes, Grade A violations, include crimes punishable by more than one year of imprisonment that are crimes of violence, drug offenses, or crimes involving firearms, and offenses punishable by more than twenty years of imprisonment. Id. § 7B1.1(a)(1). Grade B violations are other offenses punishable by more than one year of imprisonment. Id. § 7B1.1(a)(2). Grade C violations include offenses punishable by one year of imprisonment or less and any other violations of the conditions of supervised release. Id. § 7B1.1(a)(3).

The recommended sentencing ranges for criminal history category II are: four to ten months for a Grade C violation; six to twelve months for a Grade B violation; and fifteen to twenty-one months for a Grade A violation, except where the defendant was on supervised release for a Class A felony, in which case the sentencing range is twenty-seven to thirty-three months. Id. § 7B1.4(a). Even before Booker, we consistently held that the policy statements of Chapter 7 are merely advisory and not binding. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). If the district judge exceeds the recommended

range, then he or she must state that the Chapter 7 policy statements were considered; however, "it is enough that there is some indication the district court was aware of and considered them." Id.

In this case, Bailey's original crimes of conviction were Class D felonies. 17 U.S.C. § 506; 18 U.S.C. § 2319; 26 U.S.C. § 7201; see 18 U.S.C. § 3559(a)(4). Therefore, his maximum aggregate term of imprisonment for all revocations of supervised release was two years. United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005) (per curiam); 18 U.S.C. § 3583(e)(3). Because Bailey had served a total of eight months and one day in prison upon previous revocations of supervised release, his maximum term of imprisonment for the subject revocation was fifteen months and twenty-nine days, using thirty days per month. R1-8 at 1-2; R1-10 at 1; 18 U.S.C. § 3583(e)(3). Consequently, Bailey's fifteen-month sentence was below the statutory maximum.

The record shows that Bailey admitted to Grade C violations of his supervised release and had a criminal history category of II based on his original crimes of conviction. U.S.S.G. § 7B1.1(a)(3). Therefore, his Guidelines imprisonment range was four to ten months, which his fifteen-month sentence exceeded. U.S.S.G. § 7B1.4(a). Although sentencing judges must consider the Sentencing Guidelines range provided in Chapter 7, it is only advisory. 18 U.S.C.

8

§§ 3553(a)(4)(B), 3583(e); Aguillard, 217 F.3d at 1320. Furthermore, we do not apply either a presumption of reasonableness to an in-range sentence or a presumption of unreasonableness to an out-of-range sentence. Campbell, 491 F.3d at 1313-14; Rita, 551 U.S. at __, 127 S.Ct. at 2467. Therefore, Bailey's sentence was not necessarily unreasonable because it exceeded his Guidelines range.

The record shows that Bailey had his term of supervised release revoked on three separate occasions, in March 2005, February 2007, and the subject revocation in November 2007. R1-8; R1-10; R1-19. The district judge heard the arguments of the parties, including Bailey's request for an in-range sentence of four to ten months and the government's request for a sentence of fifteen months and twenty-nine days. R2 at 4-6. The record also shows that the judge was concerned about Bailey's repeated revocations of supervised release, which she noted were unusual. While the district judge did not explicitly state that she had considered the Chapter 7 policy statements, the record indicates that she was aware of and had considered both the Guidelines range and the maximum allowable sentence. U.S.S.G. § 7B1.4(a); Aguillard, 217 F.3d at 1320. Additionally, the district judge's concern with Bailey's repeated supervised-release revocations reflects her consideration of the § 3553(a) factors, such as the need for deterrence and supervision, as well as recognition that sentencing Bailey based on a third revocation would not create an

9

unwarranted sentencing disparity. 18 U.S.C. §§ 3553(a)(2)(B), (C), (a)(6). The district judge did not err in sentencing Bailey above the Sentencing Guidelines range because the range is only advisory, his sentence was below the statutory maximum, and the record shows that the judge had considered the Chapter 7 policy statements and the § 3553(a) factors. Dorman, 488 F.3d at 944; Aguillard, 217 F.3d at 1320; 18 U.S.C. § 3583(e)(3).

Bailey's counsel emphasizes that his Grade C violations were not as serious as certain violent Grade A violations, and the record does show that all of Bailey's violations, including those related to previous revocations, were non-violent violations. Defense counsel argues that the district judge equated his Grade C violations to a violent Grade A violation because his fifteen-month sentence was the same as the low end of the range for a Grade A violation. U.S.S.G. § 7B1.4(a). This argument, however, does not take into account that the penalties upon revocation of supervised release reflect the need for supervision after imprisonment for the original offense of conviction and are not punishment for the specific violation of supervised release. 18 U.S.C. § 3583(a), (c), (d) (excluding § 3553(a)(2)(A), regarding the seriousness of the offense, from the factors to be considered upon revocation of supervised release). Considering the repeated inability of Bailey to abide by the terms of his supervised release, a fifteen-month

10

term of imprisonment was not substantively unreasonable.

## III. CONCLUSION

Bailey has appealed his fifteen-month imprisonment sentence imposed after his third revocation of supervised release. The record shows that the district judge had considered the Sentencing Guidelines range and the § 3553(a) factors. Additionally, Bailey's sentence was below the statutory maximum. Accordingly, his fifteen-month sentence imposed upon revocation of his supervised release for the third time was not unreasonable and is **AFFIRMED.**