[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12845
Non-Argument Calendar

_____

D. C. Docket No. 03-00004-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIMBERLY RENEE ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 10, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Kimberly Renee Roberts appeals her 14-month sentence, which included a four-month variance over the applicable guideline range, upon revocation of supervised release. Roberts's sentence was procedurally reasonable because the district court addressed her arguments and gave specific reasons in open court for the sentence. As to substantive reasonableness, considering the totality of the circumstances and the extent of the variance, a sentence of 14 months of imprisonment was not an abuse of the district court's discretion. Accordingly, we AFFIRM Roberts's sentence.

## I. BACKGROUND

The present appeal concerns the second revocation of Roberts's supervised release, but it is necessary to start with some background about her underlying conviction and previous revocation to place the issue on appeal into its proper context. In 2003, Roberts pled guilty to aiding and abetting the theft of approximately $4,880 from a bank that was insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a). R1-30, 39. The probation officer calculated a total offense level of 19 and a criminal history category of II. R1-38. Roberts admitted to using crack cocaine before she was arrested. R1-30 at 12. The district court sentenced Roberts to 27 months of imprisonment and 3 years of supervised release. R1-38. The district court also

2

ordered Roberts to pay $4,880 in restitution for her offense. Id. During Roberts's incarceration, she was required to participate in a drug treatment program. Id. Her supervised release began in 2005.

In August 2006, the district court revoked Roberts's supervised release based on the following violations of her conditions of release: (1) possessing and/or using a controlled substance ; (2) failing to submit required written monthly reports; (3) failing to attend substance abuse counseling sessions; and (4) defaulting on her restitution payments. R1-63. The district court sentenced Roberts to 10 months of imprisonment. Id. at 2. Roberts's supervised release recommenced on 8 June 2007.

At issue in the present appeal is the government's 2008 petition to revoke Roberts's supervised release. The government alleged that Roberts violated the conditions of her supervised release by: (1) failing to submit a written monthly report; (2) failing to report to her probation officer as directed; (3) associating with persons involved in criminal activity; (4) failing to submit to urinalysis testing; and (5) failing to participate in an approved substance abuse treatment program. R1-80. At the revocation hearing, the district court found that Roberts committed the first, second, fourth, and fifth violations. R2 at 25. With regard to the third violation, the district court stated that it did not need to determine whether it was

3

committed because the other violations provided sufficient grounds to revoke Roberts's supervised release. Id. The district court informed Roberts that she and her attorney could address the court before it announced a sentence.

Roberts, herself, apologized to the court, and then her attorney addressed the court. Id. at 25-26. Roberts's attorney asserted that the first and second violations were technical violations. Id. at 26. Roberts's attorney argued that the court should consider the factors in 18 U.S.C. § 3553(a) and hold the issue of punishment in abeyance. Id. at 26-27. Roberts's attorney requested that the court allow Roberts to complete a 12-month residential drug treatment program before she was sentenced. Id. at 27. Roberts's attorney argued that if she successfully completed the program, the court should find that she had been adequately punished for her violations. Id. The government declined to respond. Id. at 27-28.

The court determined that Roberts had been sentenced to 10 months of imprisonment the previous time her supervised release was revoked. Id. at 28. The court stated that it was obvious the last sentence did not get Roberts's attention. The court further noted that Roberts showed "complete disregard" for the court and the probation office by continuing to violate the conditions of her supervised release. Id. The court opined that in determining Roberts's sentence, a "serious consideration" would be Roberts's disregard for the seriousness of the

conditions of her supervised release.  Id.  The court stated it would also consider the other factors, including the seriousness of the violations.  The court stated that pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the guideline range, which was four to ten months of imprisonment for a Grade C violation, was advisory.  Id. at 29.  The court found that a sentence within the advisory range was inadequate for the following reasons: (1) Roberts failed to adhere to the conditions of supervised release after she had her supervised release previously revoked; (2) she continued to engage in activity that was contrary to the law; and (3) the previous sentence of 10 months of imprisonment did not get her attention and had no deterrent effect on her behavior.  Id.

The court sentenced Roberts to the maximum statutory punishment of 14 months of imprisonment.  Id. at 30.  The court also ordered Roberts to pay the unpaid balance of her restitution order immediately.  The court recommended to the Bureau of Prisons that Roberts participate in the financial responsibility program and a drug abuse prevention program.  The court addressed Roberts and told her to use her time in prison to get off drugs so that she would not need to appear in court again.  Id.  The court stated that the sentence complied with the factors in § 3553(a) and adequately addressed the totality of the circumstances.  Id.

at 31. The court asked if there were any objections to the sentence, and there were none. Id.

## II. DISCUSSION

Roberts argues that her sentence was procedurally unreasonable because the district court did not state its reasons for the sentence in open court in compliance with 18 U.S.C. § 3553(c). Roberts asserts that we cannot adequately review a sentence outside the advisory guideline range for substantive reasonableness when the district court fails to give its reasons for the sentence. Roberts further contends that the sentence was procedurally unreasonable because the district court erroneously characterized her violations as serious and contrary to the law. Roberts also argues that the district court did not consider whether she needed educational or vocational training or medical care, or whether the sentence promoted respect for the law. Roberts submits that her sentence was substantively unreasonable because her sentence did not comply with the factors in § 3553(a). Roberts asserts that her violations were non-violent, administrative errors and her sentence was excessive because the district court did not adequately consider whether a lower sentence would protect society. Roberts contends that her violations were not the most serious possible, but she received the harshest sentence possible.

6

In response, the government notes that Roberts failed to object to her sentence and the manner in which it was imposed, but it does not specifically argue for plain error review. The government argues that Roberts's repeated violations, in combination with her history of drug abuse, made her violations serious. The government asserts that continued drug abuse and disregard of conditions of supervised release fit a general description of activity that is contrary to the law. The government contends that Roberts fails to show how her sentence was an abuse of discretion or a miscarriage of justice.

After Booker, we established a two-part process for district courts to use in calculating sentences. United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (per curiam). First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in § 3553(a). Id.

Sentences upon revocation of supervised release are reviewed for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106 (11th Cir. 2006) (per curiam). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (citing Gall v. United States, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007)). Under

the abuse-of-discretion standard, we will only reverse if the district court made a clear error of judgement. Id. at 1191. Although the government argues that Roberts did not contemporaneously object in this case, we need not address whether plain error applies because even under the abuse-of-discretion standard, there was no reversible error.

When reviewing for procedural reasonableness, we review to ensure that the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. Gall, 552 U.S. at __, 128 S. Ct. at 597. Moreover, 18 U.S.C. § 3553(c) requires the district court to state its reasons for the sentence in open court. Rita v. United States, 551 U.S.__, __, 127 S. Ct. 2456, 2468 (2007). In complying with § 3553(c), "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. However, the appropriateness of what to say depends upon the circumstances. Id. Generally, when sentencing inside the advisory guidelines range, the district court is not required to state explicitly that it has considered each of the § 3553(a) factors in open court, or give a lengthy explanation for its sentence. See United States v.

8

Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). However, when a "judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." Id. (internal quotation marks omitted). The district court should consider the extent of the deviation outside of the guidelines and "ensure that the justification is sufficiently compelling to support the degree of the variance." Id. (internal quotation marks omitted).

We review a sentence for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). McBride, 511 F.3d at 1296-97. Those factors are the following:

> (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid unwanted sentencing disparities.

Id. at 1297 n.1 (citing 18 U.S.C. § 3553(a)). When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances and the extent of the variance from the guideline range. Livesay, 525 F.3d at 1091. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Although Roberts does not dispute the district court's guideline calculation, it is discussed to place Roberts's other arguments into context. Roberts had a criminal history category of II, and her violations were Grade C violations, which meant the advisory guideline range was four to ten months of imprisonment. U.S.S.G. § 7B1.4(a). Roberts's offense of conviction was 18 U.S.C. § 2113(a), which is a class C felony because it is punishable by up to 20 years of imprisonment. 18 U.S.C. §§ 2113(a), 3559(a)(3). Upon revocation of supervised release, a defendant may not be required to serve more than 2 years in prison if the offense of conviction was a class C felony. 18 U.S.C. § 3583(e)(3). Since Roberts served 10 months of imprisonment for her previous revocation of supervised release, the statutory maximum term of imprisonment she could serve was 14 months of imprisonment. See United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005) (per curiam) (holding that statutory maximums apply in the aggregate for sentences upon revocation of supervised release).

As to Roberts's procedural arguments, we note that the district court explained its reasons in compliance with Gall and § 3553(c). Gall, 552 U.S. at __, 128 S. Ct. at 597; 18 U.S.C. § 3553(c). The district court explained that it was sentencing Roberts outside the advisory guideline range because (1) she failed to adhere to the conditions of supervised release after her supervised release had been

previously revoked; (2) she continued to engage in activity that was contrary to the law; and (3) the previous sentence of 10 months of imprisonment did not get her attention and had no deterrent effect on her behavior. Furthermore, Roberts is incorrect that these statements were mischaracterizations of the facts of the case. Roberts was previously sentenced to 10 months of imprisonment for violating the conditions of her supervised release, and she committed some of the same violations again after she was re-released. Specifically, Roberts failed to submit written monthly reports or participate in a drug treatment program. R1-63, 87. In addition, Roberts's failure to submit to drug tests during supervised release was an unlawful activity. See 18 U.S.C. § 3583(g)(3). Finally, the district court was not required to state explicitly that it had considered each of the § 3553(a) factors. See Livesay, 525 F.3d at 1090. Accordingly, the district court provided an adequate basis for this Court to review the reasonableness of the sentence. Thus, we find that the sentence was procedurally reasonable.

As to substantive reasonableness, as explained above, Roberts's supervised release had been previously revoked and she committed some of the same violations after she was re-released. Roberts's repeated drug-related violations were serious because they showed that Roberts had a lack of respect for the law and that she was not overcoming her problems with drugs. Although Roberts

11

argues that she received the maximum statutory sentence for a Class C violation, a four-month upward variance does not appear to be an abuse of discretion because the first sentence of 10 months of imprisonment did not have the desired deterrent effect on Roberts. Furthermore, it appears that the driving factor was Roberts's recidivism, which weighed more heavily for the district court than the need to protect the public from Roberts. R2 at 28. Consequently, considering the totality of the circumstances, a sentence of 14 months of imprisonment was not an abuse of discretion. Furthermore, Roberts has not carried her burden to show that the sentence was unreasonable. Talley, 431 F.3d at 788.

### III. CONCLUSION

Roberts appeals her sentence, including a four-month upward variance, upon the revocation of her supervised release. For the reasons set out above, we conclude that Roberts's sentence was both procedurally and substantively reasonable. Accordingly, we **AFFIRM** Roberts's sentence.