United States Court of Appeals,

Eleventh Circuit.

No. 95-4461

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Vincent JOHNSON, a/k/a Wimpy, Defendant-Appellant.

July 16, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-571-CR-UUB), Ursula Ungaro Benages, Judge.

Before KRAVITCH, EDMONDSON and BARKETT, Circuit Judges.

KRAVITCH, Circuit Judge:

Vincent Johnson appeals the 157-month sentence he received for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. We affirm.

I.

Johnson pleaded guilty to conspiring to possess and distribute cocaine. The drug ring in which Johnson was involved operated from 1986 to September 1993. In 1990, Johnson participated in several jewelry store robberies in order to obtain capital to fund the drug operation. Johnson was arrested for the robbery of one of the jewelry stores and was convicted in Georgia state court, where he received an eight-year prison term. While serving this sentence, Johnson was indicted by federal authorities for his participation in the drug conspiracy. As an overt act in furtherance of the conspiracy, the indictment lists Johnson's participation in several jewelry store robberies, including the robbery for which he was

convicted in Georgia. In addition, the indictment alleges that on one occasion Johnson delivered cocaine in furtherance of the conspiracy.

In determining Johnson's offense level, the presentence investigation report relied solely on the weight of the narcotics attributable to him and did not factor in his participation in the robberies. Johnson's state court robbery conviction was considered, however, in determining his criminal history category. The district court overruled Johnson's objection on this point. The court then ordered that Johnson's federal sentence run concurrently with his state sentence on the robbery conviction, but declined to credit Johnson for time already served in state prison.

On this appeal, Johnson argues that the robbery conviction should not have been scored in determining his criminal history category. He also argues that his federal sentence should have begun running concurrently with the state sentence retroactive to the beginning of that sentence.

II.

Because this case involves an application of the Sentencing Guidelines to the facts, we review the district court's decision *de novo*. *United States v. Walker,* 912 F.2d 1365, 1367 (11th Cir.1990), *cert. denied,* 498 U.S. 1103, 111 S.Ct. 1004, 112 L.Ed.2d 1087 (1991).

Johnson claims that his robbery sentence should not have been included in determining his criminal history category because his participation in the robbery was part of the instant conspiracy offense, and thus not a "prior sentence" as defined by U.S.S.G. §

4A1.2(a)(1).

Section 4A1.1 of the Guidelines instructs a sentencing court to calculate a defendant's criminal history category by counting certain prior sentences imposed for specified felony or misdemeanor convictions. Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." According to an amendment to the first application note to § 4A1.2 (added on November 1, 1993), "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provision of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2, comment. (n. 1).

Johnson argues that because the robbery for which he was convicted was listed in the indictment as one of the overt acts which provided the basis for his involvement in the conspiracy, it is "relevant conduct" under U.S.S.G. § 1B1.3, which in turn makes it part of the instant offense, and therefore not a "prior sentence." The government responds that under § 1B1.3 the robbery could not properly be included as "relevant conduct," and it is therefore appropriate to consider the robbery conviction in determining Johnson's criminal history category.

Section 1B1.3 explains what conduct is "relevant" in determining a defendant's guideline range. Specifically, the guideline instructs that "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of

conviction" are attributable to the defendant.[1] U.S.S.G. §
1B1.3(a)(2). Conspiracy to distribute cocaine is an offense for
which Section 3D1.2(d) requires grouping of multiple counts.
U.S.S.G. § 3D1.2(d); *United States v. Lawrence,* 47 F.3d 1559, 1566
(11th Cir.1995). The guideline specifically states that counts
should be grouped "[w]hen the offense level is determined largely
on the basis of ... the quantity of a substance involved."
U.S.S.G. § 3D1.2(d). It is appropriate, therefore, to attribute to
Johnson the total amount of drugs he could reasonably foresee would
be involved in the conspiracy.[2] *Lawrence,* 47 F.3d at 1566.

Whether the Georgia robbery would have been grouped with the
drug conspiracy had the robbery been a count in Johnson's federal
conviction, however, requires a closer examination of § 3D1.2.[3]
The purpose of this section is to group together all counts

_____

[1] " "Offenses of a character for which § 3D1.2 would require
grouping of multiple counts,' as used in subsection (a)(2),
applies to offenses for which grouping of counts would be
required under § 3D1.2(d) had the defendant been convicted of
multiple counts.... Subsection (a)(2) merely incorporates by
reference the types of offenses set forth in § 3D1.2(d)."
U.S.S.G. § 1B1.3, comment. (n. 3). In other words, it is not
necessary that a conviction actually occur. *United States v.
Mullens,* 65 F.3d 1560, 1564 (11th Cir.1995), *cert. denied,* ---
U.S. ----, 116 S.Ct. 1337, 134 L.Ed.2d 487 (1996).

[2] Johnson does not challenge the amount of drugs attributed
to him.

[3] The government argues that because robbery is not a
groupable offense under § 3D1.2(d), it may not be considered
relevant conduct. What § 3D1.2(d) means, however, is that
multiple counts of robbery may not be grouped together; it does
not mean that no other criminal act is groupable with a single
count of robbery. This is made clear in the commentary to the
guideline: "use of a firearm in a bank robbery and unlawful
possession of that firearm are sufficiently related to warrant
grouping of counts under this subsection." U.S.S.G. § 3D1.2,
comment. (n. 5); *see United States v. Gelzer,* 50 F.3d 1133,
1143-44 (2d Cir.1995).

involving "substantially the same harm":

> Counts involve substantially the same harm within the meaning of this rule:
>
>> (a) When counts involve the same victim and the same act or transaction.
>>
>> (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
>>
>> (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
>>
>> (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

U.S.S.G. § 3D1.2.

Johnson's robbery does not fall under any of these subsections. The victims of the jewelry store robbery were distinct from the "victims" of the drug conspiracy;[4] therefore subsections (a) and (b) do not apply. Neither does subsection (c) apply, because robbery is not a specific offense characteristic of the possession or distribution of drugs. Finally, subsection (d) is also inapplicable because the crime of robbery is not of the "same general type" as the crime of conspiring to possess and distribute drugs. U.S.S.G. § 3D1.2, comment. (n. 6); *see, e.g., United States v. Harper,* 972 F.2d 321, 322 (11th Cir.1992)

---

[4] "For offenses in which there are no identifiable victims (*e.g.,* drug or immigration offenses, where society at large is the victim), the "victim' for purposes of subsections (a) and (b) is the societal interest that is harmed." U.S.S.G. § 3D1.2, comment. (n. 2).

(rejecting grouping of drug trafficking and money laundering because not "of the same general type" and, under the facts of the case, not closely related).

Furthermore, the goal of § 3D1.2—"to limit the significance of formal charging decision[s] and to prevent multiple punishment for substantially identical offense conduct," U.S.S.G. Ch. 3 Pt.D, intro. comment.—would not be advanced by grouping a 1990 robbery of a jewelry store in Savannah, Georgia with a count of conspiracy to possess and distribute cocaine throughout the southeastern United States. *See, e.g., United States v. Torres-Diaz,* 60 F.3d 445, 448 (8th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 432, 133 L.Ed.2d 347 (1995) ("defendant is not entitled to merge all criminal activities simply because those activities occurred over a single span of time, or out of a common base of operations"). This determination is supported by a comparison of the crimes at issue here to some examples of groupable crimes from the Guidelines: forging and uttering the same check, three counts of unlicensed dealing in firearms, one count of auto theft and one count of altering the vehicle identification number of the stolen car, and five counts of embezzling from a bank. *Id.* at (n. 3)-(n. 7).

We conclude that under the facts of this case the robbery count would not be grouped with the drug conspiracy count under § 3D1.2. This is so despite the fact that the robbery that formed the basis of Johnson's state court conviction was a factor in his drug conspiracy indictment. Consequently, it is not "relevant conduct" within the meaning of § 1B1.3, and by reference back to § 4A1.2(a)(1), it was not part of the "instant offense." Therefore,

because the robbery sentence was "imposed upon an adjudication of guilt," it is a "prior sentence" within the meaning of § 4A1.2(a)(1) and may be used in determining Johnson's criminal history category.[5]

### III.

Johnson also argues that his sentence should run concurrently with his Georgia state sentence retroactive to the beginning of that sentence. He claims that by ordering that he serve his federal sentence concurrently only with the unexpired term of his state sentence, the district court violated U.S.S.G. § 5G1.3(b). Section 5G1.3(b) applies when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Because Johnson's robbery offense was not taken into account in determining his offense level, subsection 3(b) does not apply. Rather, subsection 3(c) is the relevant provision. Under 3(c), the district court "shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses." *Id.* at § 5G1.3(c), comment. (n. 3). This the court did.

AFFIRMED.

---

[5]This result is consistent with the purpose of the 1993 amendment to § 4A1.2, *i.e.,* to avoid the double counting that would occur if a defendant were punished under both the "relevant conduct" and the "prior sentence" provisions of the guidelines. U.S.S.G.App.C, ¶ 493.