[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-4232

_____

D. C. Docket No. 96-00022-CR-LCN

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL DESCALLY,
a.k.a. Darrell Johnson,
a.k.a. Johnny Evans, et al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 28, 2001)**

Before ANDERSON, Chief Judge, FAY and BRIGHT[*], Circuit Judges.

BRIGHT, Circuit Judge:

_____

[*]Honorable Myron H. Bright, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Paul Descally appeals the district court's imposition of a 100-month sentence for conspiring to violate the Hobbs Act, 18 U.S.C. § 1951(a),[1] by obstructing, delaying, and affecting commerce by forcibly taking property from persons who appeared to be tourists. The federal sentence was imposed concurrently to a thirty-year state sentence, and the district court refused to reduce Descally's federal sentence by the full seventy-three months he had spent in state custody, before the federal sentencing, on a related crime. For the reasons stated below, we reverse and remand the case to the district court for resentencing.

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

I.

On December 21, 1992, Descally was arrested in Florida and charged with the robbery of two Venezuelan tourists at a gas station in Miami. He was convicted and ultimately sentenced to thirty years' imprisonment for that offense on January 26, 1995. The state court, sentencing him as a repeat offender, considered three strong-arm robberies, including this one, to which he later plead

---

[1]The Hobbs Act, 18 U.S.C. § 1951(a), makes it a federal crime for anyone to take, or attempt to take, the property of another by robbery, and in so doing to interfere with commerce or with the movement of articles or commodities in commerce.

guilty in the federal district court in 1998. He was sent to a Florida state prison and has been continuously in prison since his arrest.

On December 13, 1996, Descally was indicted in federal court, along with eleven co-defendants, under 18 U.S.C. § 1951(a) ("Hobbs Act") for conspiring to and unlawfully taking United States currency, travelers' checks, credit cards, passports, and other property in commerce belonging to tourists in Dade County, Florida beginning in or about September, 1991, through on or about February 27, 1996. On July 27, 1998, he plead guilty to Count 3 of a second superseding indictment, charging him with violation of the Hobbs Act by conspiring to rob beginning in or about August, 1983, and continuing through the date of the return of the indictment, December 13, 1996, and robbing United States currency and an airline ticket from three tourists on or about November 28, 1991, robbing United States currency, travelers' checks, airline tickets, and Brazilian passports from two tourists on or about December 27, 1991, and robbing United States currency and a camera from two Venezuelan tourists on December 21, 1992 (of which he was convicted and sentenced to thirty years incarceration in the State of Florida as earlier stated). The district court considered the aforementioned acts to which Descally plead guilty as relevant conduct for sentencing purposes, in addition to an October 23, 1991 robbery of two Brazilian tourists. The government argued that

between October 23, 1991 and December 21, 1992, Descally participated in an ongoing conspiracy to target tourists or apparent tourists for robberies, and he took or attempted to take property from victims by the use of force or fear. The district court determined that all of the robberies were related to each other and were part and parcel of the conspiracy to which Descally was pleading guilty. The district court also acknowledged that Application Note 2 to section 5G1.3(b) of the Sentencing Guidelines would be recommended at sentencing.

Descally's sentencing guideline range was 87 to 108 months, based on a criminal history category of II and a total adjusted offense level of 28. At the sentencing proceedings on January 26, 1999, Descally argued that he had already served seventy-three months on his thirty-year state sentence and the district court should grant him credit for time served, since the robbery for which he was incarcerated in state prison was clearly relevant conduct to this conspiracy and the parties agreed to it in the plea agreement. The district court rejected Descally's argument, holding that Descally's 100-month sentence relates back only to when he was arrested by the federal authorities on the federal charges in 1996 while he was in state custody.

II.

The district court imposed a sentence of 100 months to run concurrently with the thirty-year state sentence pursuant to its discretion. However, the district court did not apply Application Note 2 of U.S.S.G. § 5G1.3(b) to give the defendant credit on the federal sentence for the seventy-three months already served on the state sentence. We review the district court's application of the sentencing guidelines de novo. United States v. Johnson, 87 F.3d 1257, 1258 (11th Cir. 1996).

Descally argues that the district court erred in failing to follow commentary to U.S.S.G. § 5G1.3(b) in Application Note 2. Under that note, the district court could have reduced Descally's federal sentence by the amount of time he had spent in state custody on a related crime. U.S.S.G. § 5G1.3 provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially

5

concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Descally is correct that subsection (b) applies to this case because the undischarged term of imprisonment (the thirty-year state robbery sentence) resulted from an offense that was fully taken into account in determining the sentence he received under 18 U.S.C. § 1951(a).

U.S.S.G. § 5G1.3, Application Note 2 provides:

Adjusted concurrent sentence-subsection (b) cases. When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. Example: The defendant is convicted of a federal offense charging the sale of 30 grams of cocaine. Under § 1B1.3 (Relevant Conduct), the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 10-16 months (Chapter Two offense level of 14 for sale of 45 grams of cocaine; 2-level reduction for acceptance of responsibility; final offense level of 12; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result. For clarity, the court should note on the Judgment in a Criminal Case Order that the

6

sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under § 5G1.3(b) with six months served in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).

Putting aside for a moment the question of whether this commentary mandates a seventy-three-month credit in this case, the government argues that we should dismiss this appeal because Descally waived his right to appeal his sentence when he signed the plea agreement, and the "concurrent sentence doctrine" precludes consideration of this appeal. This court already rejected the government's first argument when it denied the government's motion to dismiss the appeal.[2] The district court, before accepting Descally's guilty plea, stated unequivocally that Descally could appeal his sentence if it was more severe than he expected. We deem the government's argument as frivolous.

We also disagree with the government's assertion that the concurrent sentence doctrine requires dismissal of Descally's appeal. That doctrine allows a reviewing court not to consider the validity of the other counts of conviction when a defendant is sentenced to concurrent terms on several counts and the conviction on one count is sustained. United States v. Davis, 730 F.2d 669, 671 n.2 (11th Cir. 1984) (declining to apply the concurrent sentence doctrine because the government

---

[2]See United States v. Paul Descally, No. 99-4232-BB (11th Cir. July 21, 2000).

made no affirmative showing that the likelihood of harm to the defendant in the form of adverse collateral consequences was so remote as to be insignificant). Descally may not serve the full measure of his state sentence. The government failed to demonstrate that there is no likelihood of any collateral effect on his time incarcerated under his state sentence. For example, in Florida, where Descally committed his crimes, he may be eligible for parole after a certain number of years.

Turning to U.S.S.G. § 5G1.3 and Application Note 2, the parties dispute the amount of time that should be credited to Descally's federal sentence. Descally argues that he is entitled to a reduction of his federal sentence based on the amount of time he served on his state sentence up to the time of his federal sentencing. The government contends that the amount of time to be reduced is limited to the amount of time he served in state custody after his arrest on federal charges. The government also maintains that Application Note 2's example is inapplicable to this case because the purpose of section 5G1.3, i.e., to mitigate the possibility that two separate prosecutions will greatly increase a defendant's sentence,[3] is not met in this case. The government further maintains that Application Note 2 is not applicable because the state and federal conduct were not identical, and Descally's federal sentence does not exceed his state sentence.

---

[3]See Witte v. United States, 515 U.S. 389, 405 (1995).

The district court provided the following statement of reasons for refusing to apply Application Note 2 under U.S.S.G. § 5G1.3(b):

> Well, I don't -- We're talking about a 30-year sentence. Now, I mean, what -- unless there's something miraculous that's going to occur, he's going to serve a substantial portion of that. So assuming that even the 108 months is a proper sentence, which I certainly think it would be in this case, I don't see what all these calculations should be about if some of this sentence should run -- if the sentence has to be imposed concurrently under 3G1.3(b). So I'm just kind of missing the point when we are talking about a long sentence like this.
>
> So if I give him 108 months,[4] which he should get, and it runs concurrent with what he's got, then there we are. I mean he still has all that time he has to serve.

See Sentencing Tr. at 277-78.

The arguments presented here are matters of first impression in this court. The United States Court of Appeals for the Third Circuit addressed some of the same issues in United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999) (involving a defendant charged by both state and federal authorities with the same underlying crime—the illicit possession of a firearm). In Dorsey, the Third Circuit rejected the government's arguments that Application Note 2 was invalid and determined that, under statutory law and guidelines, a district court has the discretion to make a

---

[4]Ultimately the district court sentenced Descally to 100 months, not 108 months which was at the highest range of the term suggested by the guidelines, to run concurrently with his state sentence from April 17, 1996, the date of his arrest on the federal charges. The difference between the district court's approach and the defendant's approach to the construction of Application Note 2 is forty months.

federal sentence concurrent with other terms of imprisonment. Id. at 561-63; see also United States v. Kiefer, 20 F.3d 874, 875-76 (8th Cir. 1994) (holding that a sentencing court had authority under section 5G1.3(b) to grant a defendant credit on his federal sentence for all of the time served, before the federal sentencing, in state custody on a related state charge). The Dorsey court also concluded that section 5G1.3 did not conflict with 18 U.S.C. § 3585(b), which only allows the Attorney General (by way of delegation to the Bureau of Prisons) to award custody credit, in a situation where a federal court exercises its discretion to impose a concurrent sentence and where that sentence must be truly concurrent to a sentence for a related offense, the subject of Application Note 2. Dorsey, 166 F.3d at 561-63.

Upon review, we adopt the reasoning of the Third Circuit in Dorsey and we agree with Descally's position that, according to Dorsey and the guideline commentary language ("the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense"), Application Note 2 is applicable even when the federal sentence does not exceed that imposed by the state.

Descally was convicted in state court of three of the robberies that formed part of the conspiracy outlined in the federal plea agreement: (1) convicted and sentenced in state court on July 19, 1994 of the December 27, 1991 robbery; (2) convicted and sentenced in state court on August 19, 1994 of the November 28, 1991 robbery; and (3) convicted on January 11, 1995 of the December 21, 1992 robbery and sentenced in state court as a repeat offender due to (1) and (2). See Exh. 1, Presentence Investigation Report at 53-54. We hold that the district court should have related his sentence back to December 21, 1992, at which time his state imprisonment began on his thirty-year state sentence as a repeat offender on the basis of the three robbery convictions involved in this conspiracy.

III.

Where the commentary to a guideline section serves to interpret that section or to explain how it is to be applied, a sentencing court is bound to consider its applications, unless it is plainly erroneous or inconsistent with the guidelines. Stinson v. United States, 508 U.S. 36, 41-48 (1993). Here, Descally's state sentence arose out of conduct which formed part of the conspiracy to violate the Hobbs Act, and constituted relevant conduct at the federal sentencing. Therefore, the district court erred in failing to apply Application Note 2 to U.S.S.G. § 5G1.3(b) and take into account time already served, before the federal sentencing,

11

for the robbery that constituted part of the same misconduct in violation of the Hobbs Act.

Accordingly, we VACATE Descally's sentence and REMAND the case to the district court for resentencing consistent with this opinion.