[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13756
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-00541-CV-OC-10GRJ,
07-00026-CR-OC-10GRJ


DONALD EUGENE WILSON, JR.,

                                                  Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                  Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Donald Eugene Wilson, Jr., a federal prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Reversible error has been shown; we vacate and remand for additional proceedings.

Wilson alleged that he received ineffective assistance of counsel because his lawyer did not file an appeal even though Wilson wanted him to. The district court concluded that Wilson showed an insufficient desire to appeal because Wilson failed to state in his sworn affidavit a time, place, or manner in which he gave timely instructions to his lawyer to file an appeal.[*] On appeal, Wilson maintains that he complied with the court's directive to show that he asked his lawyer to appeal.

In a section 2255 proceeding, we review legal issues de novo and fact findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether counsel is ineffective is a mixed question of law and fact that we review de novo. Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005).

_____

[*]Wilson raised many other claims in his section 2255 motion; but the district court determined that these claims had no merit. To the extent Wilson raises appellate arguments beyond whether he sufficiently stated that he asked his lawyer to appeal, we decline to address them. Our review of a district court's denial of a section 2255 motion is limited to the issues specified in the certificate of appealability. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that (1) his counsel's performance was deficient, and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). A lawyer acts in a professionally unreasonable manner when he fails to file an appeal on behalf of a client who specifically requests it. Gomez-Diaz, 433 F.3d at 790 (citing Roe v. Flores-Ortega, 120 S.Ct. 1029, 1035 (2000)). Even if a client did not specifically request that his lawyer file an appeal, a court must inquire into whether the lawyer consulted with the client about "the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes." Id. at 792; see also Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) ("counsel generally has a duty to consult with the defendant about an appeal"). An affirmative duty to consult arises when a particular client reasonably demonstrated an interest in appealing. Gomez-Diaz, 433 F.3d at 792.

Prejudice is presumed where counsel fails to file an appeal that the defendant wanted filed. Id. The movant need only show that, but for the lawyer's deficient performance, he would have appealed. Id.

3

In a supporting affidavit to his section 2255 motion, Wilson stated that, after trying many times to reach his lawyer, he finally contacted him about 10 days after the district court imposed sentence. Wilson stated his concerns about his sentence and expressed his "desire to file an appeal to [his] sentence and conviction." But his lawyer informed him that an appeal would not be meritorious. Wilson admitted that, on this initial contact, he "did not affirmatively tell [his lawyer] to file the appeal." After further considering his sentence, Wilson again contacted his lawyer a few days later -- before the time for filing an appeal had expired -- and expressed his desire to file an appeal. His lawyer told Wilson that no grounds for appeal existed and that he would not file one. Wilson decided to file an appeal himself but, while in transit from county to state prison, the time for filing an appeal expired.

We conclude that Wilson's acts -- even if not demonstrating that he instructed specifically his lawyer to file an appeal after his lawyer first recommended against it -- did trigger his lawyer's duty to consult with Wilson about the advantages and disadvantages of filing an appeal. Wilson stated that he expressly communicated to his lawyer that he wished to appeal; thus, Wilson's lawyer had an affirmative duty to consult with Wilson about appealing and try to determine his wishes. And from Wilson's statements, it is unclear whether his

4

lawyer engaged in proper consultation in an effort to ascertain Wilson's informed decision or whether his lawyer simply expressed his disagreement with Wilson's desires about an appeal and made his decision for him.  See Thompson, 504 F.3d at 1207 (explaining that "simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense").  Importantly, if Wilson's lawyer performed deficiently in not adequately consulting with him, prejudice would be presumed; and Wilson would be entitled to an appeal.

On these facts, we conclude that the district court erred in dismissing Wilson's claim and in failing to conduct an evidentiary hearing to develop the content of the communications between Wilson and his lawyer.  On remand, we instruct the district court to conduct an evidentiary hearing to elucidate this information.

VACATED AND REMANDED.