[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15293
Non-Argument Calendar
_____

D.C. Docket No. 5:07-cr-00026-WTH-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD EUGENE WILSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald Eugene Wilson Jr. appeals the denial of his motion to correct a clerical error.  Fed. R. Crim. P. 36.  We affirm.

Wilson pleaded guilty to using a minor for the purpose of producing child pornography, 18 U.S.C. § 2251(a), possessing child pornography, id. § 2252A(a)(5)(B), and attempting to transfer obscene material to a minor, id. § 1470.  The district court sentenced Wilson to a term of 360 months for producing child pornography and a term of 120 months for possessing child pornography, to run concurrent to each other and to a 30-year sentence he had received in a Florida court, and to a term of 120 months for attempting to transfer obscene material, to run consecutive to his other terms and the sentence imposed by the Florida court. Wilson did not appeal.

Wilson filed pro se two postconviction motions challenging his convictions. Wilson filed a motion to vacate his sentence that included arguments about the ineffectiveness of trial counsel for failing to file a direct appeal and to raise the issue of double jeopardy; the use of the 2006 Sentencing Guidelines that violated the Ex Post Facto Clause; and a lack of subject matter jurisdiction because of the dual sovereignty exercised in violation of Petite v. United States, 361 U.S. 529, 80 S. Ct. 450 (1960).  28 U.S.C. § 2255.  After the district court dismissed the petition, we granted a certificate of appealability and later remanded for an evidentiary hearing about whether counsel was ineffective for failing to file a

2

notice of appeal.  Wilson v. United States, No. 09-13756 (11th Cir. Sept. 7, 2010).

Later, Wilson filed a motion for relief from the judgment and argued that he was

prosecuted in federal court in violation of the Double Jeopardy Clause and Petite.

Fed. R. Crim. P. 60.  The district court denied Wilson's motion, and we denied

Wilson a certificate of appealability.

Wilson filed a motion for correction of a clerical error in his judgment.  Fed.

R. Crim. P. 36.  Wilson raised four grounds for relief: his judgment misstated that

he had concluded his crime of production in November 2007; the statement of his

sentence failed to accomplish the intention of the district court in imposing his

sentence; the use of the 2006 version of the Sentencing Guidelines violated the Ex

Post Facto Clause; and his offense level and advisory guideline range would have

been lower under the 2004 Guidelines.

The district court ruled that, except for Wilson's argument about the

statement of his sentence, Wilson's arguments were procedurally barred because

they were or could have been raised in his prior proceedings.  The district court

found that its intended sentence had not been "carried into effect"; proposed that it

"enter a corrected amended judgment pursuant to U.S.S.G. § 5G1.3(b)(1) stating

[that Wilson's] sentence as to [using a minor to produce child pornography] to be a

term of 327 months and 17 days . . . to be served concurrently with the

undischarged term of [his] state court sentence"; and directed the United States to

show cause why the district court should not enter an amended judgment. Although the United States responded that the proposed remedy was "appropriate," Wilson objected on grounds that the district court had misstated the length of his sentence and erroneously had dismissed his other arguments. Based on Wilson's objection, the district court vacated its order proposing to modify Wilson's sentence and denied the motion.

The district court did not err by denying Wilson's motion to correct a clerical error. A district court may use Rule 36 to correct a clerical error in a judgment, Fed. R. Crim. P. 36, but the correction "may not be used to make a substantive alteration to a criminal sentence," United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (internal quotation marks and citation omitted). Although Wilson's judgment misstates that his crime of production concluded in November 2007, Wilson sought a reduction of his sentence when he argued that the typographical error caused the district court to misapply the 2006 Sentencing Guidelines. Wilson cannot raise a substantive challenge to his sentence in a motion to correct a clerical error.

We **AFFIRM** the denial of Wilson's motion to correct a clerical error.