[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11781
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00272-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH WHITTINGHAM,
a.k.a. Dennis Delary Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Keith Whittingham appeals his 24-month sentence, imposed after the court determined that he had violated the terms of his supervised release.

After a conviction for illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), Whittingham was sentenced on January 6, 2000, to a term of incarceration of 120 months and three years of supervised release.  On December 7, 2010, during his supervised release term, Whittingham was arrested for aggravated battery on an elderly person, a charge of which he was later acquitted in state court.  He spent two years in county jail before the commencement of his trial on December 11, 2012.  The state court entered a judgment of acquittal on December 12, 2012.

On December 27, 2010, the United States Probation Office filed a petition for a warrant for the defendant's arrest based on Whittingham's violation of the condition of his supervised release that he refrain from violation of the law.  After a supervised release violation hearing on March 14, 2013, the district court ruled on April 16, 2013, that the defendant violated his supervised release.  The district court sentenced Whittingham to 24 months in federal prison without crediting him for time served in state custody.

On appeal, Whittingham argues that the district court erred by refusing to credit him for time served in state custody prior to his acquittal.  Whittingham relies on U.S.S.G. § 5G1.3 (instructing courts on how to sentence a defendant

subject to an undischarged term of imprisonment), and *United States v. Descally*, 254 F.3d 1328, 1333 (11th Cir. 2001) (vacating the defendant's sentence because the district court had failed to apply U.S.S.G. § 5G1.3, cmt. n.2, in order to account for time served in state custody for a related crime).  He also briefly mentions 18 U.S.C. § 3585 as support.

A district court may revoke a defendant's supervised release upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release.  18 U.S.C. § 3583(e)(3).  We review a federal sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam).  In reviewing reasonableness, "[w]e look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  And a prisoner seeking reduction of his sentence pursuant to 18 U.S.C. § 3585(b) must exhaust administrative remedies before petitioning for judicial review under 28 U.S.C. § 2241.  *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (per curiam).

Whittingham challenges his sentence only for procedural unreasonableness, specifically for the failure to reduce his sentence for time served pursuant to § 5G1.3.  The applicable sentencing guideline, however, is U.S.S.G. § 7B1.4.

U.S.S.G. § 7B1.3(b) ("In the case of a revocation of . . . supervised release,  the applicable range of imprisonment is that set forth in § 7B1.4.").  Whittingham's reliance on § 5G1.3 is misplaced because it applies to defendants who have undischarged terms of imprisonment, U.S.S.G. § 5G1.3, and he had no undischarged term of imprisonment.  Whittingham's Grade A violation and his criminal history category of VI give him a 33–41 month range of imprisonment.  U.S.S.G. § 7B1.4.  Because the statutory maximum for a supervised release violation is two years where, as here, the offense that resulted in the term of supervised release is a class C felony, 18 U.S.C. § 3583(e)(3), the term of imprisonment imposed by the district court is appropriate and reasonable.

In addition, we dismiss the § 3585(b) issue for lack of ripeness because Whittingham has not exhausted his administrative remedies.  *Williams*, 425 F.3d at 990.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**