[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-14069
Non-Argument Calendar

————————————————

D.C. Docket No. 5:13-cv-00445-WTH-PRL

DONALD EUGENE WILSON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(January 4, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Donald Eugene Wilson, Jr. is a pro se prisoner serving concurrent state and federal prison sentences at Blackwater River Correctional Facility in Florida. Wilson appeals the district court's ruling on his 28 U.S.C. § 2241 petition. After review, we remand this case to the district court for further consideration and clarification of its ruling.

Wilson's § 2241 petition argued that his federal criminal judgment, as being carried out by the federal Bureau of Prisons in its calculation of his projected release date, is inconsistent with the district court's oral pronouncement of his federal sentences. At the time of Wilson's original federal sentencing, he was serving a 30-year state sentence and had already served over two years on that sentence. Part of Wilson's offense conduct in state court was considered as part of the relevant conduct in federal court. The district court agreed with Wilson (1) that a total 40-year sentence was appropriate (30 years for the state offenses and 10 years for the federal offenses), and (2) that Wilson's federal sentences should be structured so that Wilson would serve only an additional 10-year prison term on top of the 30-year state prison term he was already serving.

To that end, the district court orally imposed a 360-month sentence on Count One and a 120-month sentence on Count Three, to run concurrently to each other and to "the unexpired term of the State sentence that [Wilson] is presently serving," and a 120-month sentence on Count Four, to run consecutively to the

2

sentences on Counts One and Three and to "the unexpired term of the State sentence that [Wilson] is presently serving."  This oral pronouncement and structure reflected an intent to give Wilson credit for the time he spent in state custody before his federal sentencing, consistent with U.S.S.G. § 5G1.3(b)(1) and United States v. Descally, 254 F.3d 1328 (11th Cir. 2001).  The Bureau of Prisons, however, was calculating Wilson's projected release date on his federal sentence without any credit for the state time.

Notably, in Wilson's prior Federal Rule of Criminal Procedure 36 proceeding to correct a clerical error, the district court stated in a show cause order that its intended sentence had not been "carried into effect" and proposed that it "enter a corrected amended judgment pursuant to U.S.S.G. § 5G1.3(b)(1) stating [Wilson's] sentence as to Count One of the indictment to be a term of 327 months and 17 days (a reduction of 32 months and 13 days from the sentence of 360 months) to be served concurrently with the undischarged term of [his] state court sentence."  This would reduce the 360-month (30-year) federal sentence on Count One by the amount of time Wilson had served on his 30-year state sentence at the time of the district court's oral pronouncement of the federal sentence.

The government at that time responded that the proposed remedy was "appropriate."  But Wilson had filed only a Rule 36 motion to correct a clerical error, and this correction was a substantive amendment that could not be achieved

3

by a Rule 36 motion. See United States v. Wilson, 528 F. App'x 967, 968 (11th Cir. 2013).

Wilson's § 2241 petition now asks the district court to enter "a corrected amended judgment" to accomplish the district court's intended sentence by "grant[ing] [a] 42 month reduction for count one." In response, the government agreed and asked the district court to "grant the petitioner's motion." Specifically, the government pointed out that, at Wilson's federal sentencing, the district court had "intended to sentence the petitioner in such a way that he should serve a ten-year sentence of incarceration after the petitioner completed his state sentence." The government, however, mischaracterized the relief Wilson's § 2241 petition sought, stating that Wilson's "Judgment listed the wrong offense date for Count One," and that Wilson was seeking "to correct the date in the Judgment so that the Bureau of Prisons will appropriately calculate his sentence." The district court actually granted the instant § 2241 petition "to the extent that" Wilson's federal criminal judgment was amended so that the "date offense concluded as to Count One" was "changed to the date of November 20, 2003, rather than November 20, 2007."

On appeal, Wilson points out that this was not the issue raised or the relief requested in his § 2241 petition. The relief that the government said Wilson was seeking and that the district court granted appears to correspond to a separate issue

4

raised in Wilson's 2012 Rule 36 motion to correct a clerical error filed in his federal criminal case. But it was not the relief requested in the instant § 2241 petition.

Moreover, we observe that the district court previously entered the above show cause order in Wilson's federal criminal case finding that the intended sentence was not being carried into effect by the Bureau of Prisons and indicating a willingness to grant the requested relief. As noted above, in response in the district court, the government agreed that the requested relief was appropriate.

In light of this complicated and confusing history, we exercise our discretion and remand this case back to the district court to re-examine Wilson's § 2241 petition and the particular relief requested therein. At one time, the parties and the court agreed on what was intended in the oral pronouncement and what should be done. Maybe they can again. Nothing in this opinion should be read to suggest what should happen on remand.

**VACATED AND REMANDED.**